UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRYAN L.,[1]

                                      Plaintiff,           Case # 20-cv-0393-FPG

v.                                                                   DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

## INTRODUCTION

On June 25, 2015, Plaintiff Bryan L. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr.[2] 202. The Social Security Administration (the "SSA") denied his claim and Plaintiff appeared at a hearing before Administrative Law Judge Bryce Baird on December 6, 2016. Tr. 62-135. On February 23, 2017, the ALJ issued an unfavorable decision. Tr. 24-32. The Appeals Council denied Plaintiff's request for review, Tr. 1-4, and Plaintiff appealed. On August 29, 2018, this Court remanded the case to the Commissioner for further proceedings. *See* Tr. 1254.

Pursuant to the remand order, on September 26, 2019, Plaintiff appeared at a second hearing before ALJ Baird. At the hearing, Plaintiff and vocational expert testified. Tr. 1160-1219. On December 6, 2019 the ALJ issued another unfavorable decision. Tr. 1140-53. Plaintiff then appealed to this Court.[3] ECF No. 1.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify Plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 11, 18. For the reasons that follow, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

## LEGAL STANDARD

### I.  District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.  Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative

substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

I.   **The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 30, 2014, the alleged onset date. Tr. 1142. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; right ulnar neuropathy; carpal tunnel syndrome; plantar fasciitis; hiatal hernia; heel spurs; asthma; obesity; depression; anxiety; and PTSD. *Id.* The ALJ also determined that Plaintiff's history of sleep apnea, hypertension, hemorrhoids, GERD, diverticulitis, eczema, and alcohol abuse do not cause more than minimal work-related limitations and are therefore non-severe. Tr. 1142-43. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 1143.

The ALJ determined that Plaintiff maintained the RFC to perform medium work as defined in 20 C.F.R. § 202.1567(c). Tr. 1145. However, the ALJ found that Plaintiff had additional limitations, including that: he can lift and carry 50 pounds occasionally and 25 pounds frequently; sit for up to 2 hours in an 8-hour workday; stand or walk for up to 6 hours in an 8-hour workday; occasionally climb ramps or stairs; occasionally climb ladders, ropes, or scaffolds; occasionally kneel; never crouch or crawl; frequently reach and overhead reach bilaterally. *Id.* Additionally, Plaintiff can face no concentrated exposure to pulmonary irritants; and can never be exposed to excessive vibration or hazards. *Id.* The ALJ also determined that Plaintiff had non-exertional

limitations including that he is limited to simple, routine tasks that can be learned after short demonstration or within 30 days and that may include repetitive tasks; and is limited to occasional interaction with co-workers and no more than superficial interaction with the public. *Id.*

In formulating the RFC, the ALJ considered Plaintiff's testimony from both the first and second hearings, as well as testimony from Plaintiff's wife, *see* Tr. 1145-46, 1151, in conjunction with the available medical records, *see* Tr. 1146-49. As for the opinion evidence, the ALJ allocated significant weight to the opinion of Samuel Balderman, M.D., a consultative examiner whose opinion he deemed generally consistent with the record as a whole; partial weight to the opinion of Cheryl Butensky, Ph.D., a state disability examiner whose opinions he found to be generally consistent with the overall record, however, the finding that Plaintiff had limitations in interacting with supervisors was deemed to lack evidentiary support; and partial weight to the opinion of Gregory Fabiano, Ph.D., who opined that Plaintiff had moderate limitations in complex tasks and social interaction but again, the limitation in the ability to interact with supervisors was found to lack evidentiary support. Tr. 1150. Additionally, the ALJ applied partial weight to the opinion of Gina Zali, Psy.D., whose opinion was largely deemed consistent with the record, however, the limitation Dr. Zali found in Plaintiff's ability to interact with supervisors and the marked limitation in dealing with stress were deemed inconsistent with the overall treatment history. *Id.*

Further, the opinion of Hongbio Liu, M.D., was allocated partial weight. *Id.* His opinion was generally consistent with Plaintiff's ability to do medium work, however, his opinion that Plaintiff could only lift 20 pounds occasionally and sit or stand for 30 minutes at a time, *inter alia*, was deemed inconsistent with the overall treatment records. Tr. 1150-51. Additionally, the

records from the Veteran's Administration ("VA") indicating 100% disability were deemed inconsistent with the overall record evidence and treatment.  Tr. 1151.

At steps four and five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform including, for example, linen room attendant, stubber, and coffee maker.  Tr. 1151-52.  As such, the ALJ found that Plaintiff was not disabled.

## II. Analysis

Plaintiff takes issue with the ALJ's decision on the basis that (1) the ALJ failed to evaluate and explain the opinions of record resulting in an RFC that was unsupported by substantial evidence and (2) the highly specific RFC was based on the ALJ's own lay opinion and improperly selective.  ECF No. 11-1 at 2.  For the reasons set forth below, this Court disagrees.

### A. The ALJ properly evaluated and explained the opinions of record and the RFC was supported by substantial evidence.

An ALJ must "evaluate every medical opinion [he] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997) (citing 20 C.F.R. § 404.1527(d)).  An ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony," *Dioguardi v. Comm'r of Soc. Sec.*, 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citation omitted), and "[t]here is no absolute bar to crediting only portions of medical source opinions." *Younes v. Colvin*, No. 1:14-CV-170 (DNH/ESH), 2015 WL 1524417, at *8 (N.D.N.Y. Apr. 2, 2015).  However, where the ALJ's "RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." *Dioguardi*, 445 F. Supp. 2d at 297 (quoting S.S.R. 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)).  The Court finds that the ALJ adequately explained the weighing of the medical evidence here.

Plaintiff takes issue with the little weight applied to the opinions from the VA; partial weight applied to the opinions of Dr. Butensky, Dr. Fabiano, Dr. Zali, and Dr. Liu; and the significant weight applied to the opinion of Dr. Baderman. ECF No. 11-1 at 18.

First, it is well established that the Commissioner is not bound by the disability determinations of the VA because such a determination is based on the VA's rules and not those applicable to the social security disability determination. *See* 20 C.F.R. § 404.1504. While Plaintiff contends that the ALJ improperly evaluated and weighed the VA findings as it was "consistent with Plaintiff's treatment and symptoms, objective findings, and more restrictive than the RFC findings," ECF No. 11-1 at 19, the Court does not agree. It is apparent from the ALJ's decision that the ALJ considered the VA's findings and gave clear reasons for the conclusion that such findings were entitled to little weight. Tr. 1151. Indeed, the ALJ explained that the VA's disability ratings did not provide a functional analysis of the Plaintiff's work-related abilities and the 100% disability finding was inconsistent with the Plaintiff's daily routine and conservative treatment.[4] *Id.* Records from the VA further indicated that Plaintiff reported his back pain to be 4/10,[5] which he treated with Motrin as needed, aquatic therapy, and heat. *See* Tr. 978, 990, 999. Collectively, these are sufficient grounds for giving little weight to the VA's determination. *See*

---

[4] Plaintiff contends that it was improper to diminish the weight allocated to the VA records on the basis that the records demonstrate conservative treatment. ECF No. 11-1 at 20. While it is true severity of an impairment does not directly correlate with the intrusiveness of medical treatment ordered, *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008), as the ALJ found, the records as a whole do not indicate severe impairment. Indeed, while Plaintiff tried different treatments including physical therapy, medications, aqua therapy, and other treatments, he also indicated that the pain "is usually a 4/10," Tr. 1478, he reported that the aqua therapy helped, Tr. 1484, and was not taking medication consistently, *id.* Thus, the medical records supported the ALJ's conclusion that the VA's total disability opinion was entitled to little weight based on the treatment record.

[5] Plaintiff also argues that it was improper for the ALJ to diminish the VA findings because of Plaintiff's subjective complaints. ECF No. 11-1 at 21. In support, Plaintiff simply asserts that the record, as a whole, shows Plaintiff consistently reported chronic pain in multiple areas and mental health symptoms. *Id.* While Plaintiff indeed received regular treatment and reported issues with pain and mental health symptoms, the ALJ made clear that that reports to Plaintiff's doctors were not as severe as the reported inabilities and objective medical evidence. Such inconsistencies undermine Plaintiff's allegations. *See Basener v. Colvin*, No. 6:15-CV-06406, 2016 WL 5372502, at *3 (W.D.N.Y. Sept. 26, 2016).

*Heather R. v. Comm'r of Soc. Sec.*, No. 19-CV-712S, 2021 WL 37522, at *5 (W.D.N.Y. Jan. 5, 2021) (ALJ appropriately considered and assigned little weight to the VA's disability determination where the ALJ found that the VA, *inter alia*, did not give functional assessment and the opinions were not consistent with the contemporary treatment records).

Next, Plaintiff contends that the partial weight allocated to Dr. Butensky, Dr. Fabiano, Dr. Zali, and Dr. Liu was improper. *See* ECF No. 11-1. Dr. Butensky's opinion that Plaintiff has mild to moderate mental limitations and is capable of low stress jobs with limited contact with others was evaluated as consistent with the overall record, including Plaintiff's conservative treatment history, ability to socialize with others, and normal mental status despite showing irritability and depression. Tr. 1150. Plaintiff does not indicate how this finding was contrary to the available medical evidence or wholly unsupported by the record. Rather, it appears the conclusion was in fact consistent with the medical findings of record. *See, e.g.*, Tr. 979, 1003, 1005. The ALJ properly evaluated and explained as much.

Dr. Fabiano's opinion that Plaintiff has moderate limitations in completing complex tasks and social interaction with no significant limitations in performing simple tasks were also found to be consistent with the overall record and Plaintiff's conservative treatment history, ability to socialize, and normal mental status at appointments despite irritability and depression. Tr. 1150. Other than simply asserting that Dr. Fabiano's opinions contradict the RFC finding, ECF No. 11-1 at 20, and that the ALJ failed to sufficiently explain the findings of Dr. Fabiano and incorporate all limitations expressed in his opinion, *id.* at 25-6, Plaintiff does not point this Court to any particular evidence from which it can determine that the opinion contradicts the RFC. Rather, various documents in the record show that Plaintiff has moderate limitation in completing complex tasks and social interaction but no had limitation in performing simple tasks. *See, e.g.*, Tr. 1005,

7

1057, 1061, 1479-80. The ALJ discusses and evaluates the normal mood findings and mental health treatment notes in his decision. Tr. 1148. Therefore, the Court cannot say that such an opinion was not properly evaluated, nor can the Court find that the determination was not supported by substantial evidence in the record.

Similarly, Dr. Zali found that Plaintiff has marked limitations in making appropriate decisions and dealing with stress, moderate limitations in relating with others, and mild limitations in learning new tasks. *Id.* The ALJ determined that these findings were consistent with Plaintiff's overall medical record, however, the conservative treatment and lack of counseling demonstrated that Dr. Zali's marked limitation findings were not. Tr. 1150. Again, Plaintiff argues that the ALJ failed to sufficiently discuss these findings and incorporate all limitations expressed, yet he does not point the Court to any records in support of such a claim. *See* ECF No. 11-1 at 20, 25. Indeed, a review of the record again shows that while Plaintiff suffered from depressed mood and other symptoms, he was generally able to appropriately interact with the providers and care for himself. *See, e.g.*, Tr. 1005, 1057, 1061, 1479-80. Thus, the ALJ's determination was sufficiently evaluated and explained.

Plaintiff takes issue with the allocation of weight to Dr. Liu's opinion on the basis that the RFC contradicted the findings, ECF No. 11-1 at 20, the ALJ used his lay opinion over Dr. Liu's when he reinterpreted lifting, walking, standing, and sitting limitations, *id.*, and the ALJ mischaracterized MRI findings when he allocated lesser weight to Dr. Liu, *id.* at 24. In response, the Commissioner points out that the ALJ discounted the specific findings of Dr. Liu on the grounds that they were inconsistent with evidence in the record which the ALJ referenced. ECF No. 18-1 at 21. Indeed, the ALJ discussed Plaintiff's medical history at length, including his history of back pain but evidence of normal gait, normal walking, normal reflexes, normal strength,

8

and normal sensation. Tr. 1146 (citing Tr. 980, 1061, 1496-97, 1505, 1571, 1594). The ALJ further discussed the lack of documentation in extreme deficits pertaining to strength, range of motion, dexterity, or gait. Tr. 1147 (citing Tr. 696-97, 1003, 1008). Thus, it was not improper for the ALJ to discount portions of Dr. Liu's opinions based on the contrary evidence in the record— indeed, even evidence from Plaintiff's VA treatment records.

Finally, Plaintiff argues that the ALJ improperly evaluated and explained the opinion of Dr. Balderman, which was allocated significant weight in determining the RFC. ECF No. 11-1 at 18. Specifically, Plaintiff posits that, because the objective evidence shows he has limited range of motion with pain and the opinion is vague, it was improper for the ALJ to rely upon it. *Id.* at 21-22. In support, Plaintiff cites to the entire record and states that Dr. Balderman's exam findings were not consistent with such records and treatments. *Id.* at 23. The Commissioner responds that the ALJ indicated that Dr. Balderman's findings were generally consistent with the record, including a conservative treatment history and treatment notes that indicate normal gait, strength, and neurological status, clear lungs, and lack of continued extremity deficits. ECF No. 18-1 at 20. Indeed, the ALJ discussed at length the record evidence from both Plaintiff's treating physicians and the consultative and state examiners. Evidence demonstrated that Plaintiff reported his back pain at a 4/10, he had reduced range of motion, but normal gait, strength, sensation, and walking. Tr. 1146. The ALJ considered the available x-rays, MRI evidence from 2015 and 2017, Plaintiff's prescriptions, recommended therapy, and treatment options provided by surgeons. *Id.* While there is of course evidence of Plaintiff's impairments, there is likewise evidence of Plaintiff's abilities despite the experienced symptoms and evidence demonstrating a lack of severity of such impairments. It is not the duty of this Court to reweigh the evidence in the record, but rather, such weighing of evidence was properly handled by the Commissioner. *See Schaal*, 134 F.3d at 504.

It is apparent from the decision that the ALJ indeed weighed the various evidence of record and evaluated the evidence as a whole in ultimately determining that significant weight was properly allocated to Dr. Balderman's opinion.

The Court recognizes that Plaintiff suffers from various impairments. However, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Graham v. Berryhill*, 397 F. Supp. 3d 541, 550 (S.D.N.Y. 2019) (quoting another source). As discussed above, there was substantial evidence to support the ALJ's conclusions about the medical opinion evidence here. Indeed, the ALJ walked through much of Plaintiff's treating history and the record of impairments. Nevertheless, the discounted opinions were rejected for reasons clearly articulated by the ALJ. As such, the Court cannot agree with Plaintiff's assertion that the ALJ failed to properly evaluate and explain the opinion evidence of record.

**B. The RFC was not based on the ALJ's lay opinion.**

Plaintiff additionally argues that the ALJ's RFC was based on his own lay opinion and selective reading of the record and therefore resulted in an RFC that is not supported by substantial evidence in the record. Moreover, Plaintiff asserts that the Grid Rules are implicated and support a finding of disability.

First, Plaintiff claims that because ALJ Baird previously found that Plaintiff was capable of only light work, remand is necessary to determine "if there are cogent and compelling reasons to depart" from such an assessment. ECF No. 11-1 at 27 (citing *Parvon v. Comm'r of Soc. Sec.*, No. 18-CV-226-FPG, 2020 WL 1131220, at *5-6 (W.D.N.Y. Mar. 9, 2020)). However, because the court did not previously expressly or impliedly make any findings on the merits—for example, whether Plaintiff had severe impairments, whether the impairments met the Listings, whether

Plaintiff could perform light work—the law-of-the-case doctrine does not limit the ALJ to its prior RFC determination here. *See Gibbons v. Comm'r of Soc. Sec.*, No. 18-CV-311-FPG, 2019 WL 4199786, at *5 (W.D.N.Y. Sept. 5, 2019).

Moreover, the Court is not persuaded by Plaintiff's statement that the ALJ's decision was not supported by evidence and was based on the ALJ's lay opinion. An RFC is not defective because it does not "perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order); *see also Wilson v. Colvin*, No. 6:16-cv-06509-MAT, 2017 WL 2821560, at *5 (W.D.N.Y. June 30, 2017) ("Furthermore, the fact that an RFC assessment does not correspond exactly to a medical expert's opinion in the record does not mean that the RFC assessment is 'just made up'"). Here, the ALJ made clear which opinions were being allocated what amount of weight and for what reason. The ALJ crafted his RFC accordingly. While Plaintiff is correct that there are opinions that find Plaintiff requires additional limitations beyond those in the RFC, the ALJ made clear why such opinions were not being heavily weighted. Again, it is not the duty of this Court to re-weigh the conflicting evidence and evaluate the proper weight to be allocated to each. *See Schaal*, 134 F.3d at 504.

The ALJ sufficiently tied the evidence of record to the RFC assessment here. The decision discusses the treatment received by Plaintiff from various providers, the opinion evidence, testimony from Plaintiff and his spouse, and compares the consistency between each. The Court acknowledges Plaintiff's claimed symptoms and the discomfort they may cause. In order to accommodate such impairments, however, the ALJ's RFC limited Plaintiff to, among other things, sitting for up to 2 hours in an 8-hour workday, standing or walking for up to 6 hours in an 8-hour workday, occasionally climbing ramps or stairs, frequently reaching overhead, no concentrated

exposure to pulmonary irritants, simple tasks and no more than superficial interaction with the public.  Tr. 1145.  These limitations align with the opinion evidence of the record, including Dr. Balderman's, and the overall medical record and treatment history.  Therefore, because the ALJ's decision is supported by substantial evidence in the record, the decision must be affirmed.  *Talavera*, 697 F.3d at 151 (the court is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 11, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 18, is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 23, 2021
　　　　Rochester, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　HON. FRANK P. GERACI, JR.
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　　　　　　　　Western District of New York